IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3127-FL

| | |
|---|---|
| MARVIN W. MILLSAPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NURSE CLARK, NURSE SERGENT, DR. ) | |
| BROADWELL, and BUTCH JACKSON, ) | |
| ) | |
| Defendants. ) | |

The matter is before the court in response to its December 3, 2013, order directing plaintiff to particularize his complaint (DE 12). Also before the court are plaintiff's motion for injunctive relief (DE 13) and motion to amend (DE 14). In this posture, the issues raised are ripe for adjudication.

**BACKGROUND**

Plaintiff, a state inmate, brought this action pursuant to 42 U.S.C. § 1983, alleging that defendants Dr. Richard Broadwell ("Broadwell"), Nurse Clark ("Clark"), Butch Jackson ("Jackson"), and Nurse Tamera Sergent ("Sergent") acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. On November 12, 2013, the court conducted a frivolity review of plaintiff's action pursuant to 28 U.S.C. § 1915. The court informed plaintiff that his complaint was difficult to follow, and directed plaintiff to particularize his complaint.

In response to the court's November 12, 2013, order, plaintiff filed a pleading captioned "affidavit proposed issue injunction relief" which the court also determined was unclear.

Accordingly, the court found that plaintiff failed to comply with its November 12, 2013, order to particularize his complaint, and allowed plaintiff an additional opportunity to particularize his complaint.

On December 17, 2013, plaintiff filed a particularized complaint. Plaintiff subsequently filed a motion for injunctive relief and a motion to amend his complaint.

## DISCUSSION

A.  Motion for Injunctive Relief

Plaintiff filed a motion for a preliminary injunction or a temporary restraining order. The court construes plaintiff's motion for injunctive relief as a request for a temporary restraining order.[1] See Watson v. Garman, No. 7:12-cv-00037, 2012 WL 664066, at *1 (W.D. Va. Feb. 29, 2012) (construing motion for a preliminary injunction as one for a temporary restraining order where the defendants have not yet been served). Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

---

[1] The court notes that a temporary restraining order is governed by the same general standards as the issuance of a preliminary injunction. See Hoechst Diafoil v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999).

2

Plaintiff failed to demonstrate that he likely is to succeed on the merits, and has not alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Further, the public interest is best served if courts do not get involved with the daily operations of a prison, especially prior to the finding of a constitutional violation. See Wetzel v. Edwards, 635 F.2d 283, 288 (4th Cir. 1980) (discussing the complexities of running a prison and the reluctance of federal courts to interfere in the decision making of prison officials). Accordingly, plaintiff has not demonstrated that his request for a temporary restraining order is in the public interest, and the balance of equities is in favor of defendants. Thus, the court concludes that plaintiff's motion for a temporary restraining order is DENIED.

B.      Motion to Amend

Plaintiff's motion to amend is GRANTED as a matter of course. See Fed. R. Civ. P. 15(a). The court now conducts a frivolity review of plaintiff's pleadings.

C.      Frivolity Determination

Plaintiff has been provided two opportunities to particularize his complaint. In response to the court's latest order directing plaintiff to particularize his complaint, plaintiff filed both a particularized complaint and a motion to amend his complaint. The pleadings are confusing and appear to in-part assert duplicative claims. To promote clarity, the court orders plaintiff to file one particularized complaint. The particularized complaint must be clearer than the filings already made. Plaintiff must mention briefly the specific events and correlating dates which are the bases for the suit, the constitutional rights violated, the injuries sustained, and which defendant allegedly inflicted each injury. Plaintiff is on notice that he must connect the named defendants with the alleged conduct which resulted in the alleged constitutional violation. Plaintiff is reminded that his

3

amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

The amended complaint will supplant plaintiff's previous filings. As a result, the claims and parties in this action will consist of only those claims and parties mentioned in the particularized complaint. The court will not review plaintiff's other filings to glean any misplaced claims. Finally, the court will review the particularized complaint to determine whether severance of plaintiff's claims is appropriate. See Fed. R. Civ. P. 18(a), 20(a)(2). Plaintiff further is cautioned that if his amended pleading fails to comply with this court's order, this action will be DISMISSED without prejudice.

## CONCLUSION

In summary, plaintiff's motion for a temporary restraining order (DE 13) is DENIED, but his motion to amend (DE 14) is GRANTED. Plaintiff is ALLOWED fourteen (14) days to particularize his complaint as set forth above. Failure to comply with this court's order will result in dismissal of this action without prejudice.

SO ORDERED, this the 7th day of May, 2014.

/s/ Louise W. Flanagan
LOUISE W. FLANAGAN
United States District Judge