IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3127-FL

| | |
|---|---|
| MARVIN W. MILLSAPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NURSE CLARK, NURSE SERGEANT, ) | |
| DR. BROADWELL, and BUTCH ) | |
| JACKSON, ) | |
| ) | |
| Defendants. ) | |

The matter is before the court on plaintiff's motion to amend (DE 24), motion to file a third-party complaint, which this court construes as a second motion to amend (DE 28), motion for leave to depose (DE 30), and motion for a more definite statement (DE 36). Defendants did not respond to plaintiff's motions. In this posture, the issues raised are ripe for adjudication.

A.  Motions to Amend

Plaintiff, at this point in the proceedings, requires leave of court to amend his complaint. See Fed. R. Civ. P. 15(a)(2). Leave to amend must be freely given when justice so requires, and will be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Foman v. Davis, 371 U.S. 178, 182 (1962).

The court begins with plaintiff's request for leave to amend his complaint to raise claims arising out of co-payment charges for sick call requests. "To state a claim under [section] 1983, a

plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

A prison's decision to charge a co-payment for the provision of medical service is not unconstitutional. See Rinehart v. Beck, No. 5:09-CT-3019-D, 2011 WL 52360, at *4 (E.D.N.C. Jan. 5, 2011) (collecting cases), aff'd, 441 F. App'x 148 (4th Cir. 2011) (per curiam); Gonzalez-Reyna v. Ellis, No. 1:09CV522 AJT/TCB, 2009 WL 2421482, at *3 (E.D. Va. July 27, 2009) ("Inmates are not entitled to free medical care, and an inmate's displeasure at having to pay such co-payment does not present a constitutional claim."); Johnson v. Dep't of Pub. Safety & Corr. Servs., 885 F. Supp. 817, 820 (D. Md. 1995) ("co-pay requirements for prison medical services are constitutional"). Further, a plaintiff's challenge to a [Department of Public Safety] medical co-payment policy is not actionable under § 1983. Rather, such claims must be pursued under state law. See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 245 (1983); Husketh v. Beck, No. 5:02–CT–465–H (E.D.N.C. Aug. 26, 2002), aff'd, 55 F. App'x 157 (4th Cir.2003); Tuck v. Director, No. 7:11CV00450, 2012 WL 2886704, at * 7(W.D. Va. July 13, 2012) ("So long as an inmate is not denied medical treatment merely because he cannot pay for the full cost of that care, the state's decision to charge him a portion of that cost is a matter of state law, not actionable under § 1983"). Based upon the foregoing, plaintiff's challenge to the North Carolina Department of Public Safety's

2

Case 5:13-ct-03127-FL   Document 49   Filed 10/09/14   Page 2 of 5

co-payment charges fails to state a claim, and plaintiff's request to amend his complaint to allege claims related to his co-payment is DENIED as futile.

Plaintiff additionally seeks to amend his complaint to include the following allegations:

> (A) Smith, Aslett charged $5.00 co-pay for hypertension chronic disease. (B) Bryant and Smith refuse to address the prison system grievances and Smith refuse to correct co-pay. (C) Both Defendant failed to acknowledge rule and regulations health care services and administrative grievance remedies procedures.
>
> 3. As a result[,] plaintiff was on road squad March, 29, through May 30, 2012 and had b[l]urred vision, severe headaches, dizziness from hypertension and was not remove from medical issues and was otherwise injured, was prevented from transacting his assignment, suffered great pain of body and mind, and incurred expenses for medical attention in the sum of $35.00 (or) in an amount not yet determined."

(Pl.'s Mot. (DE 24), p. 2.)

Plaintiff's allegations are confusing and the court is unsure what claim plaintiff seeks to allege. As stated, a § 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676. Here, plaintiff does not allege that any defendant knew about plaintiff's alleged medical condition, and disregarded such condition. Nor does plaintiff allege how any defendants' conduct caused his alleged injury or even what injury he allegedly suffered.[1] Thus, plaintiff's motion for leave to amend his complaint to include this claim is DENIED as FUTILE.

The court now turns to plaintiff's request to amend his complaint to include P.A. Leggett ("Leggett") and Assistant Attorney General Kimberly Grande ("Grande") as defendants in this action. Plaintiff failed to provide any facts to support a claim against these proposed defendants.

---

[1] To the extent plaintiff attempts to allege a claim arising out of his participation in the North Carolina Department of Public Safety's grievance procedure, such claim is meritless. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (stating that a plaintiff does not have a constitutional right to have available or to participate in a grievance process).

3

Iqbal, 556 U.S. at 678 (stating that a complaint is insufficient if it tenders naked assertions devoid of further factual enhancements) (quotation and citation omitted). Because plaintiff failed to state a claim against Leggett or Grande, plaintiff's motion to amend his complaint to include a claim against Leggett and Grande is DENIED as FUTILE.

To the extent any of plaintiff's remaining statements in his motion to amend could be construed as allegations in support of a § 1983 claim, plaintiff again fails to provide factual support for such claims. See Iqbal, 556 U.S. at 678. Thus, amendment to include these allegations in plaintiff's complaint would be futile. Based upon the foregoing, plaintiff's motions to amend are DENIED without prejudice as FUTILE.

B.   Motion for Leave to take Deposition

Plaintiff filed a motion for leave to take a deposition pursuant to Federal Rule of Civil Procedure 30(a)(1) and (6). Plaintiff, however, does not provide any details in support of his request, including the name of the proposed deponent. Thus, plaintiff's motion for leave to take a deposition is DENIED.

C.   Motion for a More Definite Statement

Plaintiff, in his motion for a more definite statement, states the following:

> Now come the plaintiff stipulate and agree to the relief interest and costs of aforesaid $10,000 dollars it should be noted that the stipulation relates only to the formalities of taking depositions, and not to their use at trial. As to time and place, and manner of taking of a deposition without waiving objections to its admissibility under Rule 26(d). Any stipulation varying the procedures may be superceded by the court order.
>
> Motion for a More Definite Statement
>
> Plaintiff moves for an order directing to defendant(s) of the following matters [set out]. That the ground of this motion of plaintiff

4

> complaint is no in fact [vague] []. In respect to these matters that defendant[s] cannot reasonably be framed in answer hereto in this complaint not will defendant[s] be prejudiced to the cause of this action.

(Pl.'s Mot. (DE 36).) Upon a review of plaintiff's motion, the court is unsure what relief plaintiff seeks. Thus, plaintiff's motion is DENIED.

In summary, plaintiff's motions to amend (DE 24, 28) are DENIED without prejudice as FUTILE. Plaintiff's motion for leave to take a deposition (DE 30) and motion for a more definite statement (DE 36) are DENIED.

SO ORDERED, this the 9th day of October, 2014.

LOUISE W. FLANAGAN
United States District Judge

5