IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3127-FL

| | |
|---|---|
| MARVIN W. MILLSAPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| NURSE CLARK, NURSE SERGEANT, | ) |
| DR. BROADWELL, and BUTCH | ) |
| JACKSON, | ) |
| | ) |
| Defendants. | ) |

The matter comes before the court on defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 81), which was fully briefed. Also before the court is plaintiff's motion to dismiss defendants' claim (DE 80), motion for "Relief, Contributory Negligence, Failure to Consideration Co-Payment, Support of Memorandum" (DE 84), motion for entry of default (DE 87), and motion for an extension of time (DE 88). Defendants did not respond to plaintiff's motions. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants plaintiff's motion for an extension of time, but denies the remaining pending motions.

**STATEMENT OF THE CASE**

On May 23, 2013, plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 naming Dr. Broadwell ("Broadwell"), Nurse Clark ("Clark"), Butch Jackson ("Jackson"), and Nurse Sergent ("Sergent") as defendants in this action. Plaintiff then filed a motion

for discovery and a motion for entry of default. On November 12, 2013, the court entered an order denying plaintiff's motions and directing plaintiff to particularize his action.

In response to the court's November 12, 2013, order, plaintiff filed a pleading captioned "affidavit proposed issue injunction relief." On December 3, 2013, the court entered an order stating that plaintiff's amended pleading was unclear and again directed plaintiff to particularize his complaint. Plaintiff submitted his second particularized complaint on December 17, 2013. Plaintiff then filed a motion for a permanent injunction and a motion to amend his complaint.

On May 7, 2014, the court entered an order denying plaintiff's motion for a temporary restraining order and granting plaintiff's motion to amend his complaint. The court additionally informed plaintiff that his particularized complaint and motion to amend were confusing and appeared to, in-part, assert duplicative claims. As a result, the court again directed plaintiff to file a particularized complaint. Plaintiff filed his particularized complaint on May 19, 2014, and the court thereafter allowed plaintiff to proceed with his particularized complaint. Plaintiff subsequently filed a motion to compel discovery, which the court denied.

On July 23, 2014, plaintiff filed a motion to amend his complaint. On August 25, 2014, plaintiff filed a motion to file a third-party complaint, which the court construed as a motion to amend his complaint, and motion for leave to depose. On September 5, 2014, plaintiff filed a motion for a more definite statement. On September 19, 2014, defendant Broadwell filed a motion for entry of a consent order governing discovery, which the court signed the same date. Then, on October 9, 2014, the court entered an order denying plaintiff's motions to amend as futile. The court also denied plaintiff's motion for leave to take depositions and motion for a more definite statement.

2

On December 18, 2014, defendant Broadwell filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In response, plaintiff filed a motion to voluntarily dismiss defendant Broadwell from this action pursuant to Federal Rule of Civil Procedure 41(a), to which defendant Broadwell stipulated. On January 13, 2015, the court entered an order in which it granted plaintiff's motion to voluntarily dismiss defendant Broadwell and denied as moot defendant Broadwell's motion to dismiss. Plaintiff also filed a motion to compel discovery, which the court denied without prejudice.

On January 22, 2015, plaintiff filed a motion to appoint counsel, a motion for leave to file a third party complaint, and a motion for leave to file an amended complaint. On February 2, 2015, the court entered an order denying plaintiff's motion to appoint counsel and denying as futile plaintiff's motion to file a third party complaint and motion for leave to file an amended complaint. The court entered a case management order on February 5, 2015. Plaintiff also filed a motion for a consent protective order, which the court denied.

On March 3, 2015, plaintiff filed a motion to amend his complaint, which the court denied as futile. On July 20, 2015, plaintiff filed a motion to dismiss defendants' claims. On July 31, 2015, defendants filed a motion to dismiss pursuant to Rule 12(b)(6), arguing that plaintiff's action is barred by the doctrine of *res judicata* because plaintiff previously litigated the same cause of action in a North Carolina state tort action–Millsaps v. North Carolina Department of Correction, No. TA-23289 (N.C. July 21, 2014) ("Millsaps I"). The motion was fully briefed. Plaintiff subsequently filed a motion for "Relief, Contributory Negligence, Failure to Consideration Co-Payment, Support of Memorandum," motion for entry of default, and motion for an extension of time. Defendants did not respond to plaintiff's motions.

**STATEMENT OF FACTS**

Viewing the facts in the light most favorable to plaintiff, plaintiff makes the following allegations. On May 22, 2012, plaintiff was transferred to Nash Correctional Institution ("Nash") for medical treatment. (Am. Comp. (DE 17), p. 1.) On May 30, 2012, Dr. Williams examined plaintiff and prescribed Milk of Magnesia and Bentyl in response to plaintiff's complaints of "upper abdominal and lower abdominal pains, and stomach pain, bleeding from rectum." (Id.) Dr. Williams also referred plaintiff to a gastroenterologist. (Id.) Physician Assistant Hines confirmed Dr. Williams' medical orders on June 8, 2012. However, defendant Clark, the nurse in charge of plaintiff's medical file, did not provide plaintiff with the prescribed medication. (Id.)

On June 15, 2012, plaintiff wrote defendant Clark a letter stating that he had not yet received the medications Dr. Williams prescribed on May 30, 2012. (Id.) Defendant Clark did not respond. (Id.) Plaintiff wrote defendant Clark a second letter two weeks later, but defendant Clark still did not respond. (Id.) Plaintiff then wrote a letter to defendant Broadwell regarding the prescribed medication, and received no response. (Id. p. 2.) On August 16, 2012, plaintiff wrote a letter regarding the situation to both defendants Broadwell and Jackson, and again received no response. (Id.)

On August 19, 2012, plaintiff attended a sick call appointment with defendant Sergent and again complained about stomach and abdominal pain, as well as rectal bleeding. (Id.) During the appointment, defendant Sergent reviewed plaintiff's medical records and noted that Dr. Williams had previously prescribed Milk of Magnesia, Bentyl, and referred plaintiff to a gastroenterologist. (Id.) Defendant Sergent then said that on August 16, 2012, Physician Assistant Leggett "denied Bentyl" and that defendant Broadwell "denied Gastroenterologist visit." (Id.) Plaintiff states that

4

he never received any of the medications prescribed on May 30, 2012. (Id.) Plaintiff states that his condition continued to get worse. (Id.)

**DISCUSSION**

A.  Plaintiff's Motion to Dismiss

Plaintiff moves the court to dismiss defendants' claim. This pleading is confusing and the court is unsure what relief plaintiff seeks.[1] Because plaintiff's motion is so unclear that the court cannot decipher the relief he seeks, plaintiff's motion is DENIED.

B.  Plaintiff's Motion for Entry of Default

Plaintiff moves for entry of default against defendant Jackson. The record reflects that defendant Jackson timely filed his answer on November 13, 2014, which was one day prior to the answer deadline. Thus, plaintiff's motion is DENIED.

C.  Plaintiff's Motion for Relief

Plaintiff filed a pleading captioned "Plaintiff's Motion for Relief Contributory Negligence/Failure to Consideration of Co-Payment Support of Memorandum Rule 8(a)(2)." Plaintiff's pleading is not a model of clarity and the court is unsure what relief plaintiff seeks. To the extent plaintiff moves the court for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), he has not demonstrated that he is entitled to the relief he seeks. To the extent plaintiff seeks to supplement his allegations, he has not properly moved to amend his complaint pursuant to Federal Rule of Civil Procedure 15. Based upon the foregoing, this motion is DENIED.

---

[1] The court notes that defendants' have not filed a counter claim in this action.

5

D.   Plaintiff's Motion for an Extension of Time

Plaintiff seeks a 60-day extension of time to engage in discovery pursuant to Federal Rule of Civil Procedure 26(b)(1). For good cause shown, plaintiff's motion is GRANTED.

E.   Defendants' Motion to Dismiss

1.   Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

Furthermore, the complaint need not set forth "detailed factual allegations," but instead must simply "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679). In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Id. at 255 (citations omitted).

When considering a Rule 12(b)(6) motion, a court must keep in mind the principle that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Noble v. Barnett, 24 F.3d 582, 587, n.6 (4th Cir.1994). Nevertheless, Erickson does not undermine the requirement that a pleading contain "more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555). Furthermore, while a *pro se* complaint must be construed liberally, it is not the court's obligation "to discern the unexpressed intent of the plaintiff." Laber v. Harvey, 438 F.3d 404, 413 n. 3 (4th Cir. 2006).

2.  Analysis

Defendants Clark, Sergent, and Jackson argue that the current action is barred by the doctrine of *res judicata*. Where *res judicata* bars a suit, the complaint properly is disposed of by a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). See Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000). To establish the defense of *res judicata*, defendants must prove: 1) the existence of a final judgment on the merits in an earlier litigation, rendered by a court of competent jurisdiction and in accord with the requirements of due process; 2) identity of parties in the earlier litigation and instant action, or privity between the parties; and 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding. Covert v. LVNV Funding, LLC, 779 F.3d 242, 246 (4th Cir. 2015).

Here, defendants failed to establish the defense of *res judicata* because the parties in both actions are not the same. Specifically, in Millsaps I, plaintiff sued only the North Carolina Department of Public Safety, which is not a party to this action. Additionally, the claims in

7

Millsaps I and the instant action are different. In particular, plaintiff, in Millsaps I, asserted a negligence action arising out of the North Carolina Department of Corrections' medical administrative fee policy, whereas plaintiff in the instant action asserts that defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. Because defendants have failed to establish the three elements necessary to invoke the doctrine of *res judicata*, defendants' motion to dismiss is DENIED.

F.   Case Management Order

Because the court has denied defendants' motion to dismiss and granted plaintiff's request for an extension of time to engage in discovery, the court finds it appropriate to amend its case management deadlines. The new case management deadlines are as follows: (1) discovery must be completed by March 21, 2016; and (2) the dispositive motion deadline is April 21, 2016.

## CONCLUSION

Based upon the foregoing, the court rules as follows:

(1)   Plaintiff's motion to dismiss (DE 80) is DENIED;

(2)   Plaintiff's motion for "Relief, Contributory Negligence, Failure to Consideration Co-Payment, Support of Memorandum" (DE 84) is DENIED;

(3)   Plaintiff's motion for entry of default (DE 87) is DENIED;

(4)   Plaintiff's motion for an extension of time (DE 88) is GRANTED. The discovery deadline now is March 21, 2016, and the dispositive motion deadline is April 21, 2016;

8

(5) Defendants' motion to dismiss (DE 81) is DENIED.

SO ORDERED, this the 15th day of January, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge

9